USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

          - against -

ANGEL VILLAFANE, ET AL.,

              Defendants.

**21 CR 93 (VM)**

**<u>DECISION AND ORDER</u>**

**VICTOR MARRERO, United States District Judge.**

On December 19, 2025, defense counsel for defendant Johana Alcantara ("Alcantara") filed a letter motion with the Court requesting a bail modification hearing. (<u>See</u> Dkt. No. 479.) That hearing was subsequently held before Magistrate Judge Ona T. Wang ("Judge Wang") on January 7, 2026. (<u>See</u> Dkt. at minute entry dated 1/7/2026.) Judge Wang entered a decision on the record, granting Alcantara's release subject to modified bail conditions. (<u>See</u> <u>id.</u>)

On January 7, 2026, the Court received a request from the Government seeking to appeal Judge Wang's determination. (<u>See</u> Dkt. No. 491.) The Court held a hearing to address that appeal on January 16, 2026. At that hearing, the Court directed the parties to confer and to try to reach an agreement on a recommendation to the Court of an appropriate resolution of the matter. After the parties indicated that they could not reach an agreement, the Court held a second hearing on January 23, 2026.

Alcantara is charged by indictment with one count of racketeering conspiracy pursuant to 18 U.S.C. § 1962(d); one count of conspiracy to commit murder in aid of racketeering pursuant to 18 U.S.C. § 1959(a)(5); one count of murder in aid of racketeering pursuant to 18 U.S.C. § 1959(a)(1) and (a)(2); one count of narcotics conspiracy pursuant to 21 U.S.C. § 846; one count of murder while engaged in a narcotics conspiracy pursuant to 21 U.S.C. § 848(e)(1)(a) and 18 U.S.C. § 2; and one count of use of a firearm for a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(a). (See Dkt. No. 275.)

Alcantara consented to detention without prejudice at her initial appearance before Magistrate Judge Henry J. Ricardo on February 24, 2025, and has been detained at the Westchester County Correctional Facility in Valhalla, New York since her arrest on November 19, 2024. (See Dkt. No. 270.)

On January 7, 2026, a bail modification hearing was held before Judge Wang, who entered a release decision on the record, setting forth conditions of release, including: $20,000 bail co-signed by one financially responsible party; restricted travel; the surrender of travel documents; pretrial supervision, drug testing, and mental health evaluation as directed by pretrial services; stand-alone GPS

2

monitoring; and release to an inpatient drug treatment facility that is approved by pretrial services.

The Court reviews Judge Wang's findings and decision de novo. See 18 U.S.C. § 3145; United States v. Santos, No. 19-CR-819, 2020 WL 3446866, at *2 (S.D.N.Y. June 24, 2020) ("Section 3145 requires that a Court review bail applications de novo."); United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985) ("[I]n ruling on a motion for revocation or amendment of a detention order, [a district court] should not simply defer to the judgment of the magistrate, but reach its own independent conclusion.").

Pursuant to 18 U.S.C. § 3142(b), a court "shall order the pretrial release of a person on personal recognizance, or upon the execution of an unsecured appearance bond in an amount specified by the court, . . . [u]nless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

Pursuant to 18 U.S.C. § 3142(g), to determine whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community, the court considers (1) the nature and circumstances of the offense charged; (2) the weight of

the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g).

However, given the nature of the charges, Alcantara faces a presumption against pretrial release pursuant to 18 U.S.C. § 3142(e). Nevertheless, Alcantara bears a limited burden of production – and must only introduce some contrary evidence to rebut the presumption. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

Pursuant to 18 U.S.C. § 3142(e) and (f), the Government must establish that no combination of bail conditions will reasonably assure the safety of others and Alcantara's presence in court. See United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007). The Government bears the burden of persuasion by clear and convincing evidence that Alcantara presents a danger to the community and must show by a preponderance of the evidence that Alcantara presents a risk of flight. See Mercedes, 254 F.3d at 436.

Here, the Court finds, upon de novo review, that the Government has met that burden. As to the nature and circumstances of the offenses charged, Alcantara faces, in part, one count of murder in aid of racketeering and one count

4

of murder while engaged in a narcotics conspiracy. (See Dkt. No. 275.) The Court also notes the weight of the evidence in the record, including prior arrest warrants, alleged misrepresentations Alcantara made about where and with whom she had been living before her arrest and where she would reside upon her release, and a history of substance use. Finally, given the nature of the charges, the Court is persuaded that the seriousness of danger to the community in this case is substantial.

Accordingly, the Court finds that there exists no combination of bail conditions that will reasonably assure the safety of others and Alcantara's presence in court.

## I.    ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the letter motion seeking modified bail conditions (Dkt. No. 479) of defendant Johana Alcantara is **DENIED.**

**SO ORDERED.**

Dated:    23 January 2026
          New York, New York

                                        Victor Marrero
                                        U.S.D.J.